BATISTA, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., DEMANDADOS, Y SANTINI, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre tercería de bienes muebles.

No. 1546.—Resuelto en abril 24, 1917.

APELACIONES DE LAS CORTES MUNICIPALES—FALTA DE RADICACIÓN DE LA TRANS- CRIPCIÓN DE AUTOS—DESESTIMACIÓN DE APELACIÓN—JUSTA CAUSA PARA LA NO REMISIÓN.—Cuando existe justa causa para la no remisión, dentro del término fijado por la ley, de los autos de una corte municipal a la de distrito, a los efectos de la apelación interpuesta para ante la segunda contra una sentencia dictada por la primera, no cabe la desestimación del recurso.

PERMUTA—PRECIO A LAS COSAS PERMUTADAS.—Para probar la existencia de un
   contrato de permuta, no es necesario demostrar que se diera precio a las
   cosas permutadas.

ID.—TRASPASO DE AUTOMÓVILES—REGISTRO DE AUTOMÓVILES EN EL DEPARTAMENTO
   DEL INTERIOR.—Es inadmisible la doctrina de que en esta isla no puede con-
   siderarse válido ningún traspaso de automóviles hasta que ha sido debida-
   mente registrado en el Departamento del Interior. El registro establece
   una presunción *prima facie* de que la propiedad pertenece a la persona
   indicada en el mismo, pero si esa persona lo permuta el adquirente obtiene
   la propiedad en el momento mismo en que se celebra el contrato, y puede
   demostrar la existencia de éste y exigir todos los derechos derivados de
   la misma, aun cuando el automóvil permutado continúe inscrito a nombre
   de su antiguo dueño en dicho departamento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos B. Buitrago.*

Abogado del apelado: *Sr. Luis Abella Blanco.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El presente es un caso de tercería. Embargado un auto-
móvil como de la propiedad de Juan Manuel Santini, en pleito
que contra él seguía en la Corte Municipal de Caguas Pru-
dencio Rivera, Pedro R. Batista presentó una demanda re-
clamando como suyo el automóvil embargado. Luego, al
exponer en qué fundaba su reclamación, alegó el tercerista
que el automóvil le pertenecía por haberlo adquirido en un
contrato de permuta que celebró con Juan Manuel Santini.
Este y Prudencio Rivera comparecieron y en oposición a
las alegaciones del tercerista sostuvieron que el automóvil
era de Santini. Se celebró la vista y la corte municipal dictó
sentencia declarando sin lugar la demanda de tercería. No
conforme con la sentencia, el tercerista apeló de ella para
ante la corte de distrito. Con motivo de la interposición y
tramitación del recurso, ocurrieron varios incidentes que ex-
pondremos luego. Y celebrado el juicio de nuevo en la corte
de distrito, ésta resolvió el caso en favor del tercerista orde-
nando que el automóvil en cuestión quedara exceptuado del
embargo decretado por la Corte Municipal de Caguas en el
pleito seguido por Prudencio Rivera contra Juan Manuel San-
tini, por ser de la propiedad de Pedro R. Batista, a quien

lo debía entregar el márshal, e imponiendo las costas, y desembolsos a los demandados. Uno de éstos, Santini, interpuso, entonces, el presente recurso de apelación.

El apelante alega que la Corte de Distrito de Humacao erró:

1, al anular todo lo actuado por la Corte Municipal de Caguas, desde la fecha de la notificación del escrito de apelación a fin de que surtiera efecto la apelación interpuesta por Pedro R. Batista;

2, al declarar que no había precepto alguno para desestimar una apelación de una corte municipal a otra de distrito, cuando el secretario de la corte municipal no remitía los autos en tiempo;

3, al apreciar la prueba en pro del tercerista, y

4, al no reconocer la debida eficacia a la certificación de registro del automóvil.

1. Los autos contienen ciertos documentos indicativos de que cuando el tercerista apeló de la sentencia contra él dictada por la corte municipal, uno de los demandados en el pleito de tercería, Juan Manuel Santini, pidió a la dicha corte municipal que de acuerdo con la sección 2 de la ley para reglamentar apelaciones contra sentencias de las cortes municipales, declarara nulo el escrito de apelación por no haberle sido notificado. La corte municipal oyó a las partes y declaró nulo el escrito. Entonces el tercerista estableció un recurso de *certiorari* en la corte de distrito y ésta anuló lo actuado por la corte municipal. No consta que la resolución de la corte de distrito dictada en el procedimiento de *certiorari*, fuera apelada, y la apelación interpuesta contra la sentencia de la corte municipal dictada en el pleito de tercería, siguió su curso.

Entonces aparece que dentro de esta última apelación suscitó de nuevo Santini la misma cuestión, alegando ademas que la transcripción de los autos había sido remitida por el secretario de la corte inferior después de vencido el tér-

mino de veinte días que la ley señala, y pidiendo por ambos motivos que se desestimara el recurso.

En el acto de la vista de la moción convinieron las partes en que se entendiera basada en que: "la transcripción de los autos que forman el legajo del pleito ha sido enviada a esta honorable corte por el secretario de la Corte Municipal de Caguas luego de transcurrir con exceso el término de veinte días que la ley señala a este respecto." La corte oyó a las partes y desestimó la moción.

Puede verse, pues, que el fundamento del primer error que ahora se alega ante esta Corte Suprema, fué descartado al someterse el asunto finalmente a la corte de distrito, y por tanto que no se encuentra debidamente ante nosotros.

2. Para declarar sin lugar la moción de desestimación del recurso, la corte de distrito tuvo en verdad un fundamento erróneo, a saber: la no existencia de precepto alguno que autorice la desestimación de una apelación procedente de una corte municipal cuando el secretario envía los autos fuera de término. "Opinamos," dijo esta Corte Suprema por medio de su Presidente Señor Hernández, en el caso de *Cividanes* v. *López Acosta,* 22 D. P. R. 79, 82, "que es aplicable aún después de estar vigente la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, la doctrina que dejamos establecida en el caso de *López Zárate* v. *Villavaso,* 12 D. P. R. 53, en la que, interpretando la regla 34 que "reglamentaba las apelaciones de las cortes municipales, dijimos que si bien no existe una disposición legal que expresamente autorice la desestimación de la apelación cuando la transcripción de autos no era elevada a la corte de distrito dentro de los diez días siguientes al perfeccionamiento de la apelación las disposiciones del artículo 7 del Código Civil, que tienen aplicación no sólo a cuestiones de derecho sustantivo, sino también a las de derecho adjetivo, y especialmente, las del artículo 36 del Código de Enjuiciamiento Civil, son suficientes para justificar la desestimación de la apelación cuando no se radicare el récord dentro

de aquel término. La acción del juez de la corte de distrito desestimando la apelación por resolución de 5 de noviembre, está justificada, siendo como es aplicable al caso por analogía, según la doctrina que dejamos consignada, el artículo 303 del Código de Enjuiciamiento Civil sobre apelaciones para ante el Tribunal Supremo, preceptivo de que la apelación debe ser desestimada cuando el apelante deja de presentar los documentos requeridos por la ley."

Pero si bien esto es así, es lo cierto que los autos demuestran que el apelante no fué negligente en este caso. Como hemos visto, la apelación que interpuso fué declarada nula por la corte municipal, viéndose entonces obligado a iniciar en la corte de distrito un procedimiento de *certiorari,* y cuando dicho procedimiento quedó debidamente terminado, fué que el secretario de la corte municipal se encontró de nuevo en condiciones de elevar las copias prescritas por la ley, y así se explica que habiéndose archivado la apelación el 12 de junio, no se expidieran dichas copias hasta el 25 de julio siguiente. Hubo, pues, una causa justa para la dilación, y no procedía, por tanto, la desestimación del recurso.

3. Apreciando la prueba practicada en el acto de la vista, la corte declaró probados los siguientes hechos:

"En virtud de la evidencia practicada, la corte entiende probado, que entre Pedro R. Batista y Juan Manuel Santini se celebró allá para el mes de febrero de 1914, un contrato de permuta por el cual cedió Batista un automóvil marca 'Thomas' y una casa a cambio del automóvil 'Buick' cedido por Santini a Batista. Este extremo ha quedado a juicio de esta corte claramente establecido por la declaración del tercerista y de varios testigos que presenciaron la transacción y cuyas declaraciones no fueron afectadas durante la vista del caso.

"Resulta probado así también que en un pleito sobre cobro de dinero que siguiera Prudencio Rivera contra Juan Manuel Santini, ante la Corte Municipal de Caguas, fué embargado como de la propiedad de Santini, el automóvil ameritado que realmente no pertenecía a Santini y sí a Batista, toda vez que dicho Santini lo cedió al tercerista en este caso, en poder del cual fué hallado cuando el márshal procedió a su embargo."

Hemos examinado la prueba practicada, contradictoria en algunos extremos, y no podemos concluir con el apelante que la corte cometiera al apreciarla en la forma en que lo hizo, ningún error que lleve consigo la revocación de la sentencia.

Al argumentar este error se sostiene además en el alegato que no pudo declararse probada la existencia de un contrato de permuta, porque no se demostró que se diera precio a las cosas permutadas.

No tiene razón el apelante. La permuta, según el Código Civil, artículo 1441, es un contrato por el cual cada uno de los contratantes se obliga a dar una cosa para recibir otra. Y Manresa, estudiando las relaciones entre dicho contrato y el de compraventa, dice:

"La compra y venta y la permuta, ya lo hemos dicho, son manifestaciones de un mismo hecho fundamental, que es el cambio. La diferencia entre uno y otro contrato está en que en el primero interviene un elemento que en el segundo no se da: este elemento es el precio, de cuyo concepto y requisitos ya hemos hablado. No existiendo más que esta diferencia entre la compra y venta y la permuta dedúcese que en el fondo y contenido de ambos contratos tiene que haber forzosamente mucho de común, puesto que los dos son formas del cambio y los dos son de los llamados traslativos de dominio. La razón diferencial estriba en el precio, en la intervención del dinero o signo que lo represente." 10 Manresa, Código Civil Español, 424.

4. Refiriéndose a la circunstancia de haber presentado el demandado y apelante Santini como prueba de la propiedad del automóvil, una certificación creditiva de que constaba registrado a su nombre en el Departamento del Interior, la corte sentenciadora se expresó así:

"Claro está que la certificación del registro de automóviles establece una presunción *prima facie* sobre la propiedad del vehículo; pero tal presunción queda destruída cuando, como en el presente caso, se demuestra de una manera clara y satisfactoria, que la persona que aparece en el registro de automóviles como dueño del vehículo, lo ha enajenado y tal vehículo se encuentra en la posesión del adquirente."

La corte de distrito no cometió, pues, tampoco, el último de los errores señalados.

Parece que el apelante pretende sostener que en esta isla no puede considerarse como válido ningún traspaso de automóviles, hasta que ha sido debidamente registrado en el Departamento del Interior. Tal doctrina es inadmisible. Es cierto, como sostuvo la corte sentenciadora, que el registro establece una presunción *prima facie* de que la propiedad pertenece a la persona indicada en el mismo, pero si esa persona lo permuta, como en este caso, el adquirente adquiere la propiedad en el momento mismo en que se celebra el contrato, y puede demostrar la existencia de éste y exigir todos los derechos derivados de la misma, aun cuando el automóvil permutado continúe inscrito a nombre de su antiguo dueño en el Departamento del Interior.

Por virtud de todo lo expuesto, debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.